FILED IN OPEN COURT
THIS 22 DAY OF June 2016
LEE ANN BENNETT, CLERK
UNITED STATES BANKRUPTCY COURT

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

TURNKEY INVESTMENT FUND, LLC         CASE NO. 6-16-bk-03827-RAC

TURNKEY INVESTMENT FUND
MANAGER, LLC                          CASE NO. 6-16-bk-03828-RAC

**CREDITOR JOHN SCHWARZSCHILD'S RESPONSE TO DEBTORS' EMERGENCY MOTIONS FOR: AUTHORITY TO PAY PRE-PETITION WAGES, ENTRY OF ORDER AUTHORZING DEBTORS TO MAINTAIN USE OF PRE-PETITION BANK ACCOUNTS, EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS, DETERMINATION OF ADEQUATE ASSURANCE OF PAYMENT FOR UTILITY SERVICE AND JOINT ADMINISTRATION OF CASES**

To the Honorable United States Bankruptcy Judge:

John Schwarzschild ("Schwarzschild"), a creditor and party-in-interest files this Response to Debtors' Emergency Motions referenced above, and respectfully states as follows:

1. Schwarzchild is an individual residing in Austin, Travis County, Texas. Over the course of about three years, he has invested approximately $2,000,000.00 in various oil and gas partnerships sponsored and/or managed by Turnkey Investment Fund, LLC and Turnkey Investment Fund Manager, LLC (the "Turnkey Debtors"). He is listed in the creditor matrix filed by Debtor Turnkey Investment Fund, LLC as having an unsecured claim in the amount of $930,000.00. On information and belief, Schwarzschild has claims (that may or may not be dischargeable) against one or both of the Turnkey Debtors and related parties for actual damages in an amount between $930,000,000.00 and approximately $2,000,000.00.

2. Schwarzchild first became aware of the Turnkey Debtors bankruptcy filing through an email from the debtor on Thursday June 16, 2016. Five days later, on Tuesday June 21, at

about 5 pm CDT, he received an email notification from debtors' counsel of a series of "emergency" motions that are set for hearing on an "emergency" basis for 1:30 EDT June 22, about 20 hours after the Motions and Notices were delivered. While the undersigned attorney is generally familiar with bankruptcy law, he is by no means a specialist and this is a complex case, and he is unfamiliar with the Local Rules and practices of this Court. Unfortunately it is simply not possible for Mr. Schwarzschild to identify and retain bankruptcy and/or local counsel in advance of hearings that have been scheduled less than a day after notice of the Motions was provided. Based on these facts, the indulgence and leave of Court is respectfully requested with respect to any procedural errors or defects in the form of this Response.

3.  Before addressing the Motions individually, it is respectfully suggested that none of the issues raised by Debtors would appear to rise to a level of emergency that precluded some measure of reasonable notice to parties-in-interest; certainly nothing is apparent that would justify a notice period of less than a day. Additionally, it is respectfully suggested at least some of the Debtors requested relief could have been resolved by agreement had a good faith attempt been made to contact and negotiate with the parties-in-interest.

4.  With respect to the individual Motions, Schwarzschild responds as follows:

a.  <u>Motion to Pay Pre-Petition Wages:</u> It appears from the Motion that the total amount of pre-petition wages being sought is $1,260.00. Schwarzschild does not oppose payment of pre-petition wages in that amount. However, the Debtor's proposed Order includes a statement that wages are to be paid on a "going-forward basis under the terms set forth in the Motion." However, no such terms are set forth in the Motion, and Schwarzschild opposes an open-ended continuation of post-petition wage payments unless Debtor is able to show exactly what value would be added to the Estate as a result of the payment of such wages on a going-forward basis.

b.  <u>Motion to Authorize Debtors' to Make Use of Pre-Petition Bank Accounts:</u> No mention is made in this Motion of the Turnkey Debtors' pre-petition bank accounts. Additionally, there is no time limit or reporting procedures set forth in the Motion. Schwarzschild does not oppose the Motion to make use of the specific named accounts, subject to the following: (i) Debtor provide account location, balance and use information for all of the Turnkey Debtor's bank accounts; and, (b) any use of bank accounts authorized by the Court be subject to regular reporting and review by creditors and the Court, and that any Order authorizing such use be subject to expiration or renewal by a date certain within a reasonable time.

c.  <u>Motion for Extension of Time to File Schedules and Statements of Financial Affairs:</u> Schwarzschild does not oppose this Motion.

d.  <u>Motion to Determine Adequate Assurance of Payment for Utility Services:</u> This Motion fails to make any mention of estimated amount or range of what the monthly utility expenses would be, nor a statement of why incurring those expenses would benefit the Estate. Schwarzschild does not oppose payment of reasonable utility bills for operations beneficial to the Estate, but opposes the Motion until such time as Debtor provides an estimated amount or range of monthly utility payments and the manner in which such payments will benefit the Estate.

e.  <u>Motion for Joint Administration of Cases:</u> Schwarzschild opposes this Motion at this time. Schwarzschild is an investor and interested party with claims against the Turnkey Debtors. He has no interest in, nor (on information and belief) any claims with respect to the Secured Income Fund or Accelerated Fund. On information and belief, many of the investors in one of the entities have no interests in the other entities. Debtors' Motion only states in a conclusory manner that the various Debtors' are affiliates, and that their operations, assets and creditors are "significantly interrelated," and that issues to be addressed are

"related and overlapping," but does not off any explanation as to how the Debtors are affiliated, does not describe the nature of the claimed interrelationships, or how the issues in these cases are related and overlapping. In any case, there is nothing in this Motion that argues for immediate, emergency relief. Schwarzchild requests that the emergency relief requested be denied without prejudice to a subsequent hearing (on reasonable notice) when Debtor's have amended their Motion to explain with at least some reasonable degree of specificity the nature and manner of the Debtors' affiliation, interrelationships and overlapping issues.

WHEREFORE, creditor and party-in-interest John Schwarzschild respectfully requests that the Court enter its Orders as follows

A. Approving the payment of pre-petition wages in the amount of $1,260.00, but denying the payment of wages on a going-forward basis until such time as: (i) Debtor files an Amended Motion describing the wages to be paid, the work to be done in consideration of those wages, and the benefit to the Estate arising out of such work; and, (ii) such Amended Motion is set for hearing upon reasonable notice to parties-in-interest;

B. Denying the Debtors' authority to use pre-petition bank accounts until such time as: (i) Debtor files an Amended Motion describing the location, status and usage of the Turnkey Debtors' bank accounts and setting forth a reasonable reporting procedure with respect to the use of funds and a date certain for the expiration or renewal of such authority; and, (ii) such Amended Motion is set for hearing upon reasonable notice to the parties-in-interest;

C. Denying the Motion to Determine Adequate Assurances for the Payment of Utilities until such time as: (a) Debtors file an Amended Motion setting forth a reasonable estimate or range for the amount and allocation for utility payments and providing an explanation as to

why such payments will benefit the Estate; and, (b) such Amended Motion is set for hearing upon reasonable notice to the parties-in-interest;

D.   Denying the Motion for Joint Administration of Cases until such time as: (a) Debtor files an Amended Motion describing with reasonable particularity the manner in which the various Debtors are affiliated, and the manner in which their respective financial affairs, assets, operations and legal issues are interrelated and/or overlapping; and, (b) such Amended Motion is set for hearing upon reasonable notice to the parties-in-interest; and,

E.   Granting creditor and party-in-interest John Schwarzschild such other and further relief as may be just and proper.

Respectfully submitted,

Law Office of Russell J. Chalk
100 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone: (512) 469-3774
Facsimile: (512) 469-3711
Email: russchalk@earthlink.net

/s/ Russell J. Chalk
By: Russell J. Chalk
Texas Bar No. 04059425

## CERTIFICATE OF SERVICE

By my signature below, I certify that the above and foregoing Response to Debtors' Emergency Motions has been served on the parties named below in the manner indicated below on June 22, 2016.

**Debtors' Counsel**
Elizabeth A. Green, Esq.
Wendy C. Townsend, Esq.
Andrew V. Layden, Esq.
Baker & Hostetler, LLP
200 S. Orange Avenue
SunTrust Center, Suite 2300
Orlando, FL 32801-3432

*via email: egreen@bakerlaw.com*
*via email: wtownsend@bakerlaw.com*
*via email: alayden@bakerlaw.com*
*Confirming Copy via Facsimile: (407) 841-0168*

**United States Trustee**
Guy G. Gebhardt, Acting United States Trustee
Jill E. Kelso, Trial Attorney
United States Department of Justice
Office of the United States Trustee
George C. Young Federal Building
400 W. Washington St., Suite 1100
Orlando, FL 32801

*via email: Jill.Kelso@usdoj.gov*
*Confirming Copy via facsimile: (407) 648-6323*

/s/ Russell J. Chalk
Russell Chalk